**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ALVIN RICHARD PRATT,

       *Petitioner*           CRIM. CASE NO.: 1:16-cr-20677

                                    CIV. CASE NO.: 1:18-cv-12005

*v.*                             DISTRICT JUDGE THOMAS L. LUDINGTON

                                    MAGISTRATE JUDGE PATRICIA T. MORRIS

UNITED STATES OF AMERICA,

       *Respondent.*

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PETITIONER'S 28 U.S.C. § 2255 MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**(Doc. 545)**

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED.**

## II.    REPORT

### A.    Introduction

Petitioner Alvin Pratt (Pratt or Petitioner) filed the instant motion under 28 U.S.C. § 2255 to vacate his prison sentence (Mot. to Vacate, Doc. 545), and this motion is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 548.)

On May 10, 2017, Petitioner pleaded guilty to Count One of the Information charging him with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §846 and 841(a)(1) pursuant to a Rule 11 plea agreement. (Docs. 241, 255.)  A judgment filed on September 1, 2017, sentenced Petitioner to 140 months' incarceration to be followed by eight years' supervised release. (Doc. 414 at PageID.2136-2137.) Petitioner did not file an appeal.

On June 25, 2018, Petitioner filed the instant motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 545.) The government responded (Doc. 556), and Petitioner replied. (Docs. 564, 575.) Petitioner also filed an affidavit in support of his motion. (Doc. 576.)

### B.    Standard of Review

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use

a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show a reasonable probability that, but for counsel's errors, the result would have been favorably different. *Id*. at 693-94. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and

prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

## C.   Analysis and Conclusions

Petitioner contends that counsel was ineffective: (1) during plea negotiations because he "bargained for quantities which I was not responsible for"; (2) because he "had me enter a plea agreement for 500 grams of cocaine and 100 grams of heroin all in violation of 21 U.S.C. § 841(b)(1)(B)" but "I never violated those statutes"; and (3) "during plea negotiations where he was under the impression that I was looking at an enhanced penalty under 21 U.S.C. §851" as he "informed me that I had a prior conviction that would raise my minimum mandatory from 5-years to 10-years which was false and misleading." (Doc. 545 at PageID.3403-3405.) Although docketed as a reply, Petitioner's first "reply" is actually more akin to a brief in support of his motion which has also been reviewed by the undersigned. (Doc. 564.)

The government responds that Petitioner has not even averred that he would have gone to trial but for alleged counsel's deficient performance, nor does he explain why counsel's performance was deficient. (Doc. 556 at PageID.3461-3462.) Instead, Petitioner now claims "that

he was not responsible for the drug quantities which he admitted to under oath" and he "has pointed to no part of the record that calls into question his sworn testimony." (Doc. 556 at PageID.3462.) Since the record clearly contradicts his claim, no hearing is required. (*Id*.) Finally, the two felony drug offenses, conspiring to deliver in July 2014, and delivering cocaine in September 2014, are both felony drug offenses that may be used to increase mandatory minimum sentences under 21 U.S.C. §§802(44) and 841(b)(1). (Doc. 556 at PageID.3463.)

Petitioner replies that "[d]ue to the record supporting the fact that I was responsible for 72.6 grams of heroin + 22.6 grams of heroin mixed with fentanyl and 13.28 grams of cocaine base, these amounts did not trigger none of the minimum mandatory provisions but instead, trigger a statutory floor of 0 month to a ceiling of 20 years." (Doc. 575 at PageID.4129.) In addition, "§851 was inapplicable because I was never sentenced to more than a 1-year term of imprisonment." (*Id*.) The "2-point enhancement under USSG §2D1.1(b)(1) and (b)(12) for possession of a dangerous weapon and maintaining premises for distribution of controlled substances [] was prejudicial and deficient performance by counsel because a federal [G]rand Jury did not return an indictment for these two enhancements [and the] BOL went from 30 to 34 with these enhancements in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)..." (Doc. 575 at Page ID.4130.) Petitioner also contends that the "sole reason why I admitted to these quantities is because the advice [his lawyer] gave" him that "if I were to go to trial, I would receive a 20-year sentence or more[,] [b]ut if I plead guilty, I could get a three (3) point reduction and get less than 240 months...I wanted to proceed to trial, but he scared me into pleading guilty" and he "did not know that the jury would have to find the drug quantities beyond a reasonable doubt instead of hesay, she-say" and he "did

not know that there was an appeals court or a supreme court that would review my case..." (Doc.

575 at PageID.4132.)

Petitioner's affidavit states that he

> received a letter from Anca I. Pop, AUSA telling me that I was not a
> career offender nor did §851 apply. Right after receiving this letter,
> Defense Attorney [] came to visit me and told me that he and the
> government discussed the priors and that she emailed him and told
> him I was not a career offender and §851 did not apply. He also
> showed me a new plea agreement with 151 to 188 months with the
> leadership role and 121 to 151 without the leadership role. I was
> sentenced to 140 months. The therein is true and correct so help me
> God!

(Doc. 576 at PageID.4161.)

As part of the plea agreement, Petitioner stipulated that the conspiracy involved at least 500

grams of a substance containing cocaine and at least 100 grams of a substance containing heroin.

(Doc. 255 at PageID.1298.) Petitioner also stipulated to being subject to a minimum mandatory

sentence of 10 years based on his two prior felony convictions for conspiracy to deliver and

delivery of narcotics (and being a habitual offender 2nd) in state court. (Doc. 255 at PageID.1301-

1302.) The plea agreement also provided that Petitioner stipulated to the accuracy of the attached

sentencing guideline worksheets in all respects except for the 2-level enhancement  for being an

organizer/leader manager. The plea agreement explained that if the government was correct in its

contention that Petitioner was a leader, the applicable guideline range would be 151 to 188 months

but that if Petitioner's argument prevailed, the appropriate guideline range would be 121 to 151

months. (Doc. 255 at PageID.1302.) The plea agreement indicated that Petitioner would be subject

to a mandatory minimum of 10 years' imprisonment. (Doc. 255 at PageID.1297, 1304.) Petitioner

waived his right to withdraw from the plea agreement, to withdraw his plea, and to appeal his

sentence as long as he was not sentenced any higher than 188 months. (Doc. 255 at PageID.1305-1306.)

In addition, at the plea hearing, the government reiterated that Petitioner was agreeing that the conspiracy involved at least 500 grams of a substance containing cocaine and at least 100 grams of a substance containing heroin. (Doc. 353 at PageID.1823.) After the government summarized the provisions of the plea agreement, Petitioner indicated that he was not surprised by anything that he heard nor was there anything missing from the summary. (Doc. 353 at PageID.1830.) Petitioner was informed that he was giving up his right to appeal the plea-taking process that would result in a conviction. Petitioner was specifically informed that "at a later date you won't be able to successfully say, oh, wait a minute, I want to withdraw my plea because I didn't really understand what was happening, I had no idea I could be sentenced so harshly by Judge Ludington when I ultimately got sentenced, I didn't really do this offense, I only pled guilty to get it over with, but I'm not really guilty. None of those types of arguments will be successful because you are giving up your right to appeal your conviction." (Doc. 353 at PageID.1830-1831.) Petitioner confirmed that if he had any questions about anything that he would ask the court directly or through his lawyer. (Doc. 353 at PageID.1831.) Petitioner also indicated that he understood that the applicable guideline range was in debate, that Judge Ludington would decide that matter, and that as long as he was not sentenced any higher than 188 months, he would not be able to withdraw his plea, or withdraw from the plea agreement. (Doc. 353 at PageID.1832.) Petitioner was also expressly asked if anyone had used any force to make him plead guilty and he responded, "No." (Doc. 353 at Page ID.1834.) Later in the process, Petition confirmed that he was pleading guilty because he is guilty, that he was pleading freely and voluntarily, and that it was his

choice and his choice alone to plead guilty. (Doc. 353 at PageID.1837.) Petitioner also agreed that the total amount of heroin involved or that was reasonably foreseeable as being sold or distributed by himself and others associated with him, was over 100 grams. (Doc. 353 at PageID.1836.)

The above plea agreement and plea colloquy clearly establish that Petitioner was well aware of the consequences of pleading guilty, the applicable mandatory minimum and the reason behind its application, the appellate rights he was giving up via the plea agreement, the quantities of narcotics that he would be accountable for, and the fact that he was pleading guilty freely and voluntarily. Petitioner received the benefit of counsel's bargaining on his behalf and ultimately received a sentence of 140 months, which was far under the potential 188 month sentence he faced. Counsel could not have been ineffective under these circumstances.

Petitioner is under the mistaken impression that his sentence should not have been enhanced under 21 U.S.C. § 851 because his actual sentences for the two state court felony conspiracy to deliver and delivery of narcotics convictions from 2014 and 2015 were for less than one year imprisonment. The fact that Petitioner was sentenced to less than one year incarceration for prior felony convictions does not alter the fact that the convictions were felonies. *See United States v. Jones*, 559 F.3d 831, 837 (8th Cir. 2009) (prior felony drug conviction is qualified to trigger enhancement under § 841 regardless of the actual sentence or whether imposition of a sentence was suspended). Petitioner's argument that he was told that § 851 does not apply is belied by the notice of penalty enhancement filed by the government on November 2, 2016. (Doc. 71.) Therefore, this argument lacks merit and counsel could not have been ineffective for failing to raise it.

As to Petitioner's argument that his sentence should not have been enhanced for possession of a firearm or maintaining premises for distribution of controlled substances absent having been charged in an indictment for such matters, Petitioner's argument is foreclosed by his having stipulated to the enhancements in the plea agreement. *Solomon v. United States*, No. 2:05-CR-92, 2011 WL 5434273, at *9 (E.D. Tenn. Nov. 9, 2011)("The stipulation alone defeats petitioner's claims on these issues.") In addition, once the government proved, by a preponderance of the evidence, that Petitioner possessed a dangerous weapon during the commission of the offense, the burden would shift to Petitioner to show that it was "clearly improbable" that the firearm was not connected to the offense. *United States v. Kimbrough*, 376 F. App'x 592, 596-97 (6th Cir. 2010). Petitioner does not even argue that he did not possess any firearm, nor does he argue that it was not used in connection with the offense, rather, he simply contends that enhancement was improper because no grand jury indicted him as to the underlying behavior used to enhance. However, courts have rejected the argument that "it was error to apply the weapons enhancement without charging possession of a firearm in an indictment and presenting it to the jury." *United States v. Dash*, 15 F. App'x 53, 54 (4th Cir. 2001). Had the weapons or premises enhancements increased any mandatory minimum sentence, Petitioner may have had a viable argument under *United States v. Alleyne*, 570 U.S. 99, 133 S. Ct. 2151 (2013); however, the Court's fact-finding here did not increase the mandatory minimum sentence. Accordingly, this argument also fails and counsel could not have been ineffective for failing to raise it.

Finally, even if Petitioner could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's

errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Petitioner does not even allege that he would have decided to go to trial absent counsel's advice, he merely asserts that his sentence should have been different. I suggest that Petitioner is unable to show prejudice and thus, that his motion should be denied.

I therefore recommend that the petition be denied.

### D.   Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a

> hearing to resolve alleged fact issues which can and should be decided
> on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in his motion.

### E.    Conclusion

For the reasons set forth above, I recommend denying Petitioner's motion.

## III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it

pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  September 6, 2018                     S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Alvin Richard Pratt #54965039 at Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

Date: September 6, 2018                      By s/Kristen Castaneda
                                             Case Manager