UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                              Case No. 16-cr-20677-3

v.                                               Honorable Thomas L. Ludington

D-3, ALVIN RICHARD PRATT,

            Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On October 12, 2016, an indictment was returned against Alvin Richard Pratt for: one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin; one count of distribution of, and aiding and abetting the distribution of, fentanyl; two counts of distribution of heroin; two counts of distribution of, and aiding and abetting the distribution of, cocaine base and heroin; two counts of distribution of cocaine base and heroin; one count of distribution of, and aiding and abetting the distribution of, heroin; and one count of distribution of, and aiding and abetting the distribution of, heroin and fentanyl. ECF No. 16.

On May 10, 2017, United States Magistrate Judge Patricia T. Morris conducted a plea hearing pursuant to Pratt's consent. ECF No. 270. That same day, the Magistrate Judge issued her report and recommended that this Court accept Pratt's plea of guilty. ECF No. 456. On June 1, 2017, the Court took Pratt's plea of guilty under advisement and on September 1, 2017, Pratt was sentenced to 140 months incarceration. ECF No. 287.

On June 25, 2018, Pratt filed a motion to vacate his sentence under 28 U.S.C. §2255. ECF No. 545. He claimed that his counsel Kenneth Sasse had been ineffective during plea negotiations.

*Id.* On September 6, 2018, Magistrate Judge Morris recommended that Pratt's motion be denied. ECF No. 583. On September 26, 2018, Pratt filed six objections to Judge Morris' recommendation. ECF No. 593.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

Petitioner raises six objections to the report and recommendation, which will be addressed in turn.

### A.

Pratt first objects to Judge Morris's reliance on *Humphress v. United States* when she determined the appropriate standard of review. She stated that "to prevail on a §2255 motion 'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" ECF No. 583 at 2 (quoting *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.)). Pratt states that he "objects to the standard of review the Magistrate presents and the court should reject its injurious standard of review which would violate due process and habeas corpus review under 28 U.S. §2255 in light of *United States v. Hayman*." ECF No. 593 at 3. Pratt gives no reason beyond his conclusory assertion as to why a different standard of review should be adopted. *Humphress* is valid law and accurately sets for the standard of review for Section 2255 motions.

Pratt argues that instead, the standard of review is that "he is entitled to adequate defense counsel." *Id.* at 4. However, entitlement to adequate defense counsel is a right under the Sixth Amendment. It is not a standard of review. Accordingly, his objection to the standard of review used by Judge Morris will be overruled.

**B.**

Pratt's second objection is that Judge Morris determined that Pratt did not claim that he would have gone to trial but for Mr. Sasse's deficient performance nor did he explain how Mr. Sasse was deficient in his performance. ECF No. 593 at 5. Pratt contends that this is inconsistent with his affidavit that he submitted on August 8, 2018 detailing various interactions he had with Mr. Sasse prior to entering the Rule 11 Plea Agreement. He claims that on multiple occasions, he told Mr. Sasse emphatically, "I want to go to trial!" ECF No. 576.

However, Pratt's affidavit is belied by his Rule 11 Plea Agreement as well as his statements during the Rule 11 Plea Hearing before Judge Morris. Both demonstrate that Pratt understood that he was pleading guilty to the specified charges. The Plea Agreement provides "Defendant ALVIN RICHARD PRATT will plead guilty to count one of the information, charging him with conspiracy to possess with intent to distribute and to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 841(a)(l) & 846." ECF No. 255. Pratt's signature appears at the bottom of the agreement, dated April 28, 2017. *Id.* Furthermore, during the Plea Hearing, Pratt agreed that he understood that by pleading guilty, he was waiving his right to a trial.

> THE COURT: Good. If your guilty plea is accepted, you're giving up important rights that have to do with a trial, because by pleading guilty you won't have a trial before either a judge or a jury. Do you understand that, sir?
>
> THE DEFENDANT: (No audible response.)
>
> THE COURT: Thanks for the oral response. I know you're with me. I know you're clicking along with me and nodding your head, but thank you for the additional oral response because we are only audio recorded here.

ECF No. 353 at 1820. Judge Morris continued by asking him additional questions to ensure that Pratt understood that he was waiving his right to a trial. *Id.* at 1820–1822.

She then asked Pratt more questions to ensure that he understood the implications of his decision to enter into a guilty plea.

> THE COURT: I want to make sure that you do understand some of the what I think are important and more difficult provisions in the plea agreement. Under this plea agreement, you are giving up or waiving your right to appeal your conviction on any grounds. That conviction is today's plea-taking process, so you're giving up your right to complain about at a later date that you didn't understand what was going on in this process. You're giving up the right to appeal your conviction, so at a later date you won't be able to successfully say, oh, wait a minute, I want to withdraw my plea because I didn't really understand what was happening, I had no idea I could be sentenced so harshly by Judge Ludington when I ultimately got sentenced, I didn't really do this offense, I only pled guilty to get it over with, but I'm really not guilty. None of those types of arguments will be successful, because you're giving up your right to appeal your conviction. Do you understand that, sir?
>
> THE DEFENDANT: (No audible response.)
>
> THE COURT: So, of course, it's very important for that reason, and just because it's an important day for you, it's very important that you do understand what's going on today. We want to make sure that the plea agreement is clear to you and that you understand everything that's happening today, so although I know this is not a really comfortable setting for you, but I want to make sure that you are at least comfortable enough, Mr. Pratt, that if you had questions about anything that we're talking about here today, that you would feel comfortable enough anyway to ask me directly about it or to ask a question through your lawyer. Do you think you could do that?
>
> THE DEFENDANT: Yes.

*Id.* at 1830–1831.

Pratt's contentions that he communicated to Mr. Sasse that he wanted to go to trial are in direct conflict with multiple portions of the record. As such, his second objection will be overruled.

**C.**

Pratt's third objection is that Judge Morris was incorrect when she addressed Pratt's contention that he was not responsible for the drug quantities that he admitted to under oath. ECF

No. 593 at 6. Pratt argues that he was only responsible for "72.6 grams of heroin, 22.6 grams of heroin mixed with fentanyl and 13.28 grams of cocaine base." ECF No. 593 at 6 – 7.

However, in his Plea Agreement, Pratt "stipulated that the conspiracy involved at least 500 grams of a substance containing cocaine and at least 100 grams of a substance containing heroin." ECF No. 583 at 6; ECF No. 255 at 2 – 3 ("The parties agree that the following facts are true, and are a sufficient basis for defendant's guilty plea…The conspiracy as a whole involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance and 100 grams or more of a mixture or substance containing a detectable amount of heroin…all of which is attributable to each defendant as a result of their own individual conduct, and the conduct of other conspirators reasonably foreseeable to each of them."). During the Plea Hearing, Pratt also agreed that heroin quantity was correct.

> MR. SASSE: The total amount of drugs, would you agree that there were at least 100 grams of heroin that were involved, or which were foreseeable to you as being involved, among either by yourself or by those who you were associated with?
>
> THE DEFENDANT: Yes.
>
> MR. SASSE: In other words, if you added up all of the drugs that were sold or distributed by not only yourself but those that were associated with you, that it would be over 100 grams? Do you agree with that?
>
> THE DEFENDANT: Yes.

ECF No. 353 at 1839. Pratt has not addressed the fact that he was not just responsible for the heroine and cocaine that he possessed, but also the other drugs involved in the conspiracy. His objection directly contradicts the record and will be overruled.

**D.**

In his fourth objection, Pratt takes issue with Judge Morris' statement, "Since the record clearly contradicts his claim, no hearing is required." ECF No. 583 at 5; *See* ECF No. 593 at 6. He

argues that he is entitled to an evidentiary hearing. He quotes *Martin v. United States* which held that "when a defendant presents an affidavit containing a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict it, the defendant is entitled to an evidentiary hearing." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Huff v. United States*, 734 F.3d 600 (6th Cir. 2013)).

However, as established above, Pratt's affidavit is contradicted by the record. In his affidavit, Pratt claims that he told Mr. Sasse multiple times that he wished to go to trial. However, this directly contradicts the Plea Agreement and the transcript of the Plea Hearing when Pratt agreed multiple times to plead guilty and to waive his right to a trial. As such, no evidentiary hearing is necessary and his fourth objection will be overruled.

**E.**

In his fifth objection, Pratt disagrees with Judge Morris' statement that "the two felony drug offenses, conspiring to deliver in July 2014, and delivering cocaine in September 2014, are both felony drug offenses that may be used to increase mandatory minimum sentences under 21 U.S.C. §§802(44) and 841(b)(1)." Plaintiff references his affidavit which stated that he "received a letter from Anca I. Pop, AUSA telling me that I was not a career offender nor did §851 apply. Right after receiving this letter, Defense Attorney Kenneth Sasse came to visit me and told me that he and the government discussed the priors and that she emailed him and told him I was not a career offender and §851 did not apply." ECF No. 576.

However, Pratt signed the Plea Agreement listing him as a career offender. The agreement represented that Pratt had been convicted in January 2015 for delivery of narcotics and conspiracy to deliver narcotics as follows:

> ALVIN PRATT stipulates that he was previously convicted of the following felony drug offenses:
>
> 1. On January 20, 2015, the defendant was convicted of delivery of narcotics under 50 grams, habitual offender second, in the l0th Judicial Circuit Court, in Saginaw County, Michigan, Case No. 73-14-004487-01.
>
> 2. On January 20,2015, the defendant was convicted of conspiracy to deliver of narcotics under 50 grams, habitual offender second, in the 10th Judicial Circuit Court, in Saginaw County, Michigan, Case No. 73-14-003729-01.
>
> Therefore, upon conviction for the drug charge in this case, ALVIN PRATT will be subject to a minimum mandatory sentence of 10 years in prison.

ECF No. 255 at 1301. Regardless of prior negotiations that may have happened, the final document represented that he was considered a career offender and Pratt agreed to it.

More importantly, his career offender status was calculated correctly. In the plea agreement, Pratt stipulated that "he was previously convicted of…two prior felony drug offenses." *Id.* at 1301. He cites to *Burgess v. United States* and argues that "[t]he inquiry should be, what was the Petitioner sentenced to and not what could have happened." ECF No. 593. This is incorrect. According to *Burgess*, a felony is an offense that is punishable by imprisonment for more than one year. *Burgess v. United States*, 128 S. Ct. 1572 (2008). The Court never held in *Burgess* that the petitioner must be imprisoned for more than one year for the offense to qualify as a felony. Petitioner was convicted for his two prior felony drug offenses under Mich. Comp. Law §333.7401 and both were punishable by more than one year in prison in the state of Michigan. As such, his career offender status was correctly calculated and his objection will be overruled.

**F.**

In his sixth objection, Petitioner makes a general objection to Judge Morris' denial of his assertion of ineffective assistance of counsel. Petitioner presents similar arguments that he did above and does not provide any new reason as to why Mr. Sasse was ineffective. As such, his objection will be overruled.

**III.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not

be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## IV.

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 593, are **OVERRULED**.

It is further **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 583, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 545, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: March 6, 2019                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Alvin Richard Pratt** #54965-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on March 6, 2019.

                                        s/Kelly Winslow
                                        KELLY WINSLOW, Case Manager